THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HARRY WHITE, Defendant.

Court of General Sessions, New York County, June 30, 1931.

*Thomas C. T. Crain, District Attorney [Louis J. Capazolli, Assistant District Attorney, of counsel], for the plaintiff.*

*Le Roy Campbell, for the defendant.*

FRESCHI, J.   This defendant was convicted of possessing burglar's tools, with criminal intent, after a prior conviction for felony, and he now is before this court for sentence.   When asked to show cause why judgment should not be pronounced against him according to law, his counsel claimed that the defendant is now insane, and on notice and papers applied to the court for the appointment of a lunacy commission to determine the defendant's mental state.

At the time of his arraignment he entered a plea of not guilty. Insanity was not pleaded either before or at the trial.   After the verdict of the jury convicting the defendant of this crime, he was confined in the psychopathic ward of Bellevue Hospital for observation as to his sanity, and he has been returned for disposition as sane.   However, it now appears from a report of the city prison physician that the defendant is suffering from some mental disorder and that he has repeatedly attempted suicide.   In fact, from the

day that he was to be sentenced, the defendant, while he was in the detention pen, cut his wrist in an attempt to sever the arteries. This physician certifies that the defendant is not feigning insanity. I am of the opinion that there is reasonable ground for believing the defendant to be insane, and the question of his insanity should be tried before any punishment is pronounced in this case.

The section of the Code invoked (§ 658) reads as follows: " When a defendant pleads insanity, as prescribed in section three hundred and thirty-six, the court in which the indictment is pending, instead of proceeding with the trial of the indictment, may appoint a commission of not more than three disinterested persons, to examine him and report to the court as to his sanity at the time of the commission of the crime. The commission must summarily proceed to make their examination. Before commencing they must take the oath prescribed in the Code of Civil Procedure, to be taken by referees. They must be attended by the district attorney of the county, and may call and examine witnesses and compel their attendance. The counsel of the defendant may take part in the proceedings. When the commissioners have concluded their examination they must forthwith report the facts to the court with their opinion thereon." (Amd. by Laws of 1910, chap. 557.)

This statute deals with proceedings to be had where the defendant pleads insanity and before proceeding with the trial of the indictment. The following section (§ 659) makes provision for cases where the defendant is found insane and requires the suspension of the " trial or judgment," and also requires the commitment of the defendant to a State lunatic asylum. The Legislature by chapter 557 of the Laws of 1910 amended section 658 (*supra*) to read as above stated. Prior to this amendment, however, it read: " When a defendant pleads insanity as prescribed in section 336, the court in which the indictment is pending, instead of proceeding with the trial of the indictment, may appoint a commission of not more than three disinterested persons, to examine him and report to the court as to his sanity at the time of the commission of the crime.

" If a defendant in confinement, under indictment, appears to be at any time before or after conviction, insane, the court in which the indictment is pending, unless the defendant is under sentence of death, may appoint a like commission to examine him and report to the court as to his sanity at the time of the examination.

" The commission must summarily proceed to make their examination. Before commencing they must take the oath prescribed in the Code of Civil Procedure, to be taken by referees. They

must be attended by the district attorney of the county, and may call and examine witnesses and compel their attendance. The counsel of the defendant may take part in the proceedings. When the commissioners have concluded their examination they must forthwith report the facts to the court with their opinion thereon."

The 2d paragraph of this last quoted section was omitted as the result of the amendment.

Under the old section and the cases of *People* v. *Tobin* (176 N. Y. 278, 284) and *People* v. *McElvaine* (125 id. 596, 600) there can be no doubt that authority existed for the appointment of a lunacy commission after trial and before sentence for the humane as well as the legal reasons enunciated therein. (See also, Abb. Crim. Trial Brief [3d ed.], 46.) Notwithstanding this modification in the Code of Criminal Procedure, the Penal Law specifically provides that a person cannot be tried, sentenced to any punishment or punished for a crime while he is in a state of idiocy, imbecility, lunacy or insanity so as to be incapable of understanding the proceeding or making his defense. (Penal Law, § 1120.) Again, in the same connection, the court must take notice of section 481 of the Code of Criminal Procedure, which reads, in part, as follows: " He may show for cause, against the judgment,

" 1. That he is insane; and if, in the opinion of the court, there be reasonable ground for believing him to be insane, the question of his insanity must be tried as provided by this Code. If, upon the trial of that question, it is found that he is sane, judgment must be pronounced; but if found insane, he must be committed to the state lunatic asylum until he becomes sane; and when notice is given of that fact, he must be brought before the court for judgment."

How must the question of the defendant's sanity be tried? I am of the opinion that the prescribed method of trial of an issue of fact under an indictment by a jury as required in section 355 of the Code of Criminal Procedure does not apply to the question before this court. I should prefer to hold that " ' the proceeding is merely an inquest conducted primarily for the benefit of the person whose mental state is in question, and it bears no resemblance to an action, either civil or criminal.' * * * ' " It is not a case in which he is adjudged at fault or in default, and for which there is a forfeiture of liberty or property, but only a method by which the public discharges its duty to a citizen. The misfortunes of citizens sometimes place them where, for their care and preservation, restraints are necessary, and such restraints are even justified at the hands of private persons. They are not in such cases ' deprived of liberty ' within the meaning of the Constitution." ' " (See *Matter*

*of Clark*, 86 Kan. 539; S. C., Am. Ann. Cas. 1913C, 327.) The proper method, it seems to me, under the circumstances of this case, would be for the appointment of a lunacy commission as prescribed in our Code of Criminal Procedure, and I do not believe that it can be successfully contended that the right of trial by jury secured by the Constitution will thereby be violated, in this case where the defendant is now in confinement on a criminal charge. Section 70 of the Mental Hygiene Law (Laws of 1927, chap. 426) is not applicable to the case at bar.

The motion of defendant's counsel herein, therefore, must be and is hereby granted; and an order will issue appointing a lunacy commission to report to this court as to the defendant's state of mind in accordance with the requirements of section 659 of the Code of Criminal Procedure.